**Payam Fakharara**
California State Bar No. 330336
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Payam_Fakharara@fd.org

Attorneys for Mr. Cuadrado

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   23-CR-1855-LAB-1 |
| Plaintiff, | Hon. Larry Alan Burns |
| v. | Date: February 28, 2024 |
| | Time: 9:00 a.m. |
| EDWIN CUADRADO, JR., | **DEFENSE'S OBJECTIONS TO MODEL INSTRUCTIONS AND PROPOSED MODIFIED JURY INSTRUCTIONS** |
| Defendant. | |

## I.     Introduction

Mr. Cuadrado files objections, discussed below, to certain model instructions and proposes modifications to those instructions in the attached.  Additionally, Mr. Cuadrado files proposed additional instructions attached, including instructions for an insanity defense and theory of defense.  Mr. Cuadrado reserves the right to propose additional instructions based on how the evidence comes out at trial.

## II.     Objections to the Standard Ninth Circuit Model Jury Instructions

### A.     Objection to the Presumption of Innocence Instruction

Mr. Cuadrado objects to part of the language in the Ninth Circuit Model Criminal Jury Instruction, 1.2 and 6.2.  Specifically, he objects to the use of the phrase "unless and until" and asks that the Court strike the "and until" language from the instruction.  The phrase "unless and until" suggests that it is inevitable that

1  the government will prove the charge with proof beyond a reasonable doubt and

2  thus undermines the presumption of innocence.

3  **B.    Objection to the Reasonable Doubt Instruction**

4  Mr. Cuadrado objects to the language of the standard Ninth Circuit Model

5  Criminal Jury Instruction on reasonable doubt, instruction 6.5.  The instruction

6  violates Due Process by diluting the standard of proof required and shifting the

7  burden to Mr. Cuadrado to demonstrate the existence of a reasonable doubt.

8  The Due Process Clause "protects the accused against conviction except

9  upon proof beyond a reasonable doubt of every fact necessary to constitute the

10  crime" charged.  *In re Winship*, 397 U.S. 358, 364 (1970).  "It is [] important in our

11  free society that every individual going about his ordinary affairs have confidence

12  that his government cannot adjudge him guilty of a criminal offense without

13  convincing a proper factfinder of his guilt with utmost certainty."  *Id*. (emphasis

14  added).  Taken as a whole, jury instructions must correctly convey the concept of

15  reasonable doubt to the jury. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994).  The

16  instructions should "impress[] upon the factfinder the need to reach a subjective

17  state of near certitude of the guilt of the accused." *Id*. at 15 (quoting *Jackson v.

18  Virginia*, 443 U.S. 307, 315 (1979)).  "[I]n a criminal trial where the presumption

19  of innocence cloaks the defendant, and the burden of proof rests on the prosecutor,

20  it is critical that jurors receive instructions focusing less on what need not be proved

21  and more on what must be proved in order to warrant a conviction."  *Stoltie v.

22  California*, 501 F. Supp.2d 1252, 1260 (C.D. Cal. 2007).

23  "The difficulty in defining reasonable doubt has led to unacceptable results—

24  jury instructions that understate the prosecutor's burden or lead jurors to believe

25  that the defendant has one." *Stoltie*, 501 F.Supp.2d at 1257.  "[E]mpirical research

26  suggests that jurors in criminal trials often fail to understand the presumption of

27  innocence."  *Id*. (citations omitted).  One concern is that some instructions

28  erroneously "imply that jurors should ask whether their doubts are reasonable

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

enough to acquit, rather than whether the prosecutor's evidence is strong enough to convict." *Id*. at 1260.  "[O]nce the government puts on a case, even a weak one, it appears to be up to the defendant to rebut it." *Id*. (citation omitted).

The statement that reasonable doubt is not "based purely on speculation" also inappropriately shifts the burden to the defense.  It suggests that if the jury is speculating about what happened, then they must convict.  *See, e.g.*, *id*. at 4 (noting that the definition of "speculate" varies and can mean "to take to be true on the basis of insufficient evidence, to be curious or doubtful).  Thus, it effectively turns the burden of proof on its head – it conveys to jurors that even if they are unsure what happened, if there is insufficient evidence, if they are doubtful, then they still do not have a "reasonable doubt" and should convict.  If the term "speculation" is to be used in the instruction, the jury should be told that if they are "speculating" about what happened, they must acquit unless their speculations are irrational.  *See, e.g.*, *United States v. Cleveland*, 106 F.3d 1056, 1063 (1st Cir. 1997) (including a jury instruction explaining that "a defendant is never to be convicted on suspicion or conjecture") (overruled on other grounds).

Finally, Mr. Cuadrado objects to the sentence stating that a reasonable doubt "may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence."  The presumption of innocence "is the converse of the government's burden to prove and persuade beyond a reasonable doubt.  Both the presumption of innocence and the government's burden remain throughout the trial and go with the jury when it deliberates." *United States v Cummings*, 468 F.2d 274, 280 (9th Cir. 1972).  "The presumption does not disappear when evidence to the contrary is received; it is overcome only by evidence convincing the jury beyond a reasonable doubt." *Id*.  Thus, the presumption cannot "arise" from anything as it exists from the beginning of trial and persists throughout the deliberations. The model instruction's use of the phrase "it may arise from" undermines the

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

presumption of innocence by suggesting that it must be triggered by some evidence or lack of evidence.

For the above reasons, Mr. Cuadrado objects to the Ninth Circuit Model Criminal Jury Instruction 6.5 on reasonable doubt. The model instruction violates Due Process by detracting from the heavy burden on the government and shifting the burden to the defendant and proposes an alternative instruction. He proposes an alternative instruction based on the reasonable doubt instruction contained in Federal Jury Practice and Instructions, 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.), with one paragraph borrowed from the instruction approved by *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

## III.   Conclusion

As discussed above, Mr. Cuadrado objects to certain Ninth Circuit Model Criminal Jury Instructions and requests that they be modified or substituted in accordance with the above principles and the proposed instructions offered below. He further requests that the Court give his proposed additional instructions below.

Respectfully submitted,

Dated:  February 25, 2024

*s/ Payam Fakharara*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cuadrado
Email:  Payam_Fakharara@fd.org

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

Preliminary Instructions:

| Model Jury Instruction No. | Proposed Instruction No. | |
|---|---|---|
| 1.2 | 1 | The Charge — Presumption of Innocence (as modified) |
| 1.5 | 2 | Direct and Circumstantial Evidence (as modified) |

End-of-case Instructions:

| | | |
|---|---|---|
| 6.2 | 3 | The Charge — Presumption of Innocence — Burden of Proof (as modified) |
| 6.5 | 4 | Reasonable Doubt — Defined (as modified) |
| 6.8 | 5 | Direct and Circumstantial Evidence (as modified) |

Jury Deliberation:

| | | |
|---|---|---|
| 5.6 | 7 | Insanity (as modified) |
| | 8 | Implicit Bias (as proposed) |
| | 9 | Theory of Defense (as proposed) |
| | 10 | Wrongfulness – Defined (as proposed) |
| | 11 | Voluntary Intoxication and Insanity (as proposed) |

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

1

**COURT'S INSTRUCTION NO. \_\_\_\_**

2

3

### The Charge—Presumption of Innocence
### (as modified from Model Instruction 1.2)

4

5

   This is a criminal case brought by the United States government.  The

6

government charges the defendant with assault on a federal employee.  The

7

charge against *Mr. Cuadrado* is contained in the indictment.  The indictment

8

simply describes the charge the government brings against *Mr. Cuadrado*.  The

9

indictment is not evidence and does not prove anything.

10

11

   *Mr. Cuadrado* has pleaded not guilty to the charge and is presumed

12

innocent unless [*removed language*] the government proves the defendant guilty

13

beyond a reasonable doubt.  In addition, *Mr. Cuadrado* has the right to remain

14

silent and never has to prove innocence or present any evidence.

15

16

### <u>Authority</u>

17

18

Defense objects to part of the language in the Ninth Circuit Model Criminal Jury
Instructions 1.2.  Specifically, he objects to the use of the phrase "unless and
until" and asks that the Court strike the "and until" language from the instruction.
The phrase "unless and until" suggests that it is inevitable that the government
will prove the charge against Mr. Cuadrado with proof beyond a reasonable doubt
and thus undermines the presumption of innocence.

19

20

21

22

23

24

25

26

27

28

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT'S INSTRUCTION NO. ____**
### Direct and Circumstantial Evidence
### (as modified from Model Instruction 1.5)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.*

*Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty.  If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence.  However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.*

### Authority
9th Cir. Jury Instr. 1.5, 6.8 (modified); Judicial Council of California Jury Instructions, CALCRIM 224 (2017 edition).

**COURT'S INSTRUCTION NO. \_\_\_\_**

### The Charge—Presumption of Innocence—Burden of Proof
### (as modified from Model Instruction 6.2)

The indictment is not evidence.  *Mr. Cuadrado* has pleaded not guilty to the charges.  *Mr. Cuadrado* is presumed to be innocent unless [*removed language*] the government proves *Mr. Cuadrado* guilty beyond a reasonable doubt.  In addition, *Mr. Cuadrado* does not have to testify or present any evidence.  *Mr. Cuadrado* does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

**COURT'S INSTRUCTION NO. _____**

**Reasonable Doubt—Defined**
**(as modified from Model Instruction 6.5)**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

*[removed language]*

If after a careful and impartial consideration of all the evidence, or the lack of evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. ____**
### Direct and Circumstantial Evidence
### (as modified from Model Instruction 6.8)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the government has proved each fact essential to that conclusion beyond a reasonable doubt.*

*Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty.  If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence.  However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.*

<u>Authority</u>
9th Cir. Jury Instr. 1.5, 6.8 (modified); Judicial Council of California Jury Instructions, CALCRIM 224 (2017 edition).

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. ____**

**Verdict Form**
**(as modified from Model Instruction 6.23)**

A verdict form has been prepared for you. *If* you have reached *a* unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. \_\_\_\_**

### Insanity
### (as modified from Model Instruction 5.6)

*If you conclude that the government has proved beyond a reasonable doubt that the defendant committed the crime charged, you must then consider whether the defendant should be found "not guilty by reason of insanity." Under the law, a person is not criminally liable for his conduct while insane. Insanity is therefore a defense to the crime charged.*

The defendant *in this case* contends he was insane at the time of the crime. [*removed language*]  The sanity of the defendant at the time of the crime charged is therefore a question you must decide.

A defendant is insane only if at the time of the crime charged:

First, the defendant had a severe mental disease or defect; and

Second, as a result, the defendant was unable to appreciate the nature and quality or the wrongfulness of his acts.

The defendant has the burden of proving the defense of insanity by clear and convincing evidence.  Clear and convincing evidence of insanity means that it is highly probable that the defendant was insane at the time of the crime.  Proof by clear and convincing evidence is a lower standard of proof than proof beyond a reasonable doubt.

You may consider evidence of the defendant's mental condition before or after the crime in deciding whether the defendant was insane at the time of the

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

crime.  Insanity may be temporary or extended.

Your finding on the question of whether the defendant was insane at the time of the crime must be unanimous.

*Although the defendant has raised the issue of insanity, the government still has the burden of proving all of the essential elements of the offense charged beyond a reasonable doubt.*  Your verdict form will allow you to select from three possible verdicts:

If you unanimously agree that the government has failed to prove the defendant guilty beyond a reasonable doubt [*language removed*] you must select "not guilty";

If you unanimously agree that the government has proven the defendant guilty beyond a reasonable doubt, you must select "guilty";

If you unanimously agree that the government has proven the defendant guilty beyond a reasonable doubt, and you also unanimously agree that the defendant has proven by clear and convincing evidence that he was insane at the time of the crime charged, you must select "not guilty only by reason of insanity."

<u>Authority</u>

9th Cir. Jury Instr. 5.6 (modified).  Additional modifications made using language provided by 10th Cir. Instr. 1.34.

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. ____**

**Implicit Bias**
**(as proposed)**

Do not decide the case based on "implicit biases."  As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of.  These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.  The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions.  Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

Authority

*See generally, e.g.*, Nilanjana Dasgupta & Jane G. Stout, *Contemporary Discrimination in the Lab and Field: Benefits and Obstacles of Full-Cycle Social Psychology*, 68 J. SOC. ISSUES 399 (2012); Jack Glaser & Eric D. Knowles, *Implicit Motivation to Control Prejudice*, 44 J. EXPERIMENTAL SOC. PSYCHOL. 164 (2008).

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. _____**

**Edwin Cuadrado Jr.'s Theory of Defense**

Mr. Cuadrado asserts that he was insane at the time of the offense. Specifically, he asserts that at the time of the offense, he was suffering from a severe mental disease, namely Schizophrenia, and that this severe mental disease prevented him from appreciating the nature and quality or wrongfulness of his acts.

Authority

*United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) ("[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.") (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)); *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007) ("The legal standard [for a theory of defense instruction] is generous:  a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility.   A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." (internal citation and quotations omitted)).

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. _____**

### Wrongfulness – Defined

The term "wrongfulness" as used in the insanity instruction is subjective.  It refers to moral wrongfulness, not legal wrongfulness.  The term means "contrary to one's own conscience."  The accused is not criminally responsible for his offending act if, because of mental disease or defect, he believes that he is morally justified in his conduct even though he may appreciate either that his act is criminal or that it is contrary to public morality.

### Authority

*United States v. Segna*, 555 F.2d 226, 232-233 (9th Cir. 1977) ("In our view, use of the word wrongfulness in the test of legal insanity would "exclude from the criminally responsible category those who, knowing an act to be criminal, committed it because of a delusion that the act was morally justified."); *United States v. Dubray*, 854 F.2d 1099, 1101 (8th Cir. 1988) ("Like the Ninth Circuit, our Court recognizes that a defendant's delusional belief that his criminal conduct is morally justified may establish an insanity defense under federal law, even where the defendant knows that the conduct is illegal.").

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. _____**

### Voluntary Intoxication and Insanity

A finding of insanity cannot be based on the voluntary use of drugs.  If, however, you find that at the time in issue the defendant had a severe mental disease or defect and that the disease or defect gave rise to an inability to appreciate the nature or quality or moral wrongfulness of his acts, then the defendant's consumption of drugs or alcohol, whether voluntary or involuntary, cannot preclude his defense of insanity.  If a defendant is already insane due to a severe mental disease or defect and consumes drugs or alcohol before or after the offense, the insanity defense still applies.  In such a circumstance, if the government proves the defendant guilty of the offense beyond a reasonable doubt, you must find the defendant not guilty solely by reason of insanity.


<u>Authority</u>

*United States v. Knott*, 894 F.2d 1119, 1123 (9th Cir. 1990) (noting that the district court correctly instructed the jury that a defendant who is already insane and consumes alcohol or drugs is not stripped of an insanity defense).

DEFENSE PROPOSED MODIFIED JURY INSTRUCTIONS